## DETWILER v. BOSLER.[1]

(Circuit Court, E. D. Pennsylvania. May 9, 1893.)

No. 16.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—MILLS.

Letters patent No. 188,783, granted March 27, 1877, to John S. Detwiler, for an improvement in grinding mills, claimed "the combination of a pair of stones set to grind coarse, with a second pair of stones, of larger diameter, set to grind fine, and run at a lower speed than the upper and smaller pair of stones; the partially ground grain falling from the upper to the lower stones, and passing from the latter in the form of flour." *Held*, that the claim was infringed by the use of rollers revolving in a vertical plane instead of stones revolving in a horizontal plane, the process and its results being essentially the same in other respects; for such rollers are the well-known equivalents of the stones.

2. SAME—EQUIVALENCE—ESTOPPEL.

The patentee was not estopped to set up such equivalence to sustain his claim of infringement by reason of the fact that in a communication to the patent office before his patent was granted he claimed that the result obtainable by his invention was distinguishable from that produced by crushing rollers; for the failure of an inventor to perceive the adaptability of a known equivalent to the practice of his invention does not debar his right to protection against its invasion by the use of such equivalent.

3. SAME—VALIDITY—"GRADUAL REDUCTION" OF FLOUR.

The device claimed by the patent involves invention, though the "gradual reduction" process effected by it was not new.

[1] Rehearing granted.

**4. Same—Infringement.**

Infringement was not avoided by the use, in connection with the rollers, of a series of "scalpers" or sifting machines, which served a purpose distinct from that of the rollers, and did not vary the mode of their operation, or the result they accomplished.

In Equity. On final hearing. Suit by John S. Detwiler against Joseph Bosler for the infringement of a patent. Decree for complainant.

Charles B. Collier, for complainant.

Horace Pettit, for defendant.

DALLAS, Circuit Judge. This is a suit in equity for alleged infringement of letters patent No. 188,783, for improvement in grinding mills, granted to the complainant, and dated March 27, 1877. The cause has been fully heard upon the pleadings and proofs, and is now for decision.

The only claim of the patent is:

"The combination of a pair of stones, set to grind coarse, with a second pair of stones, of larger diameter, set to grind fine, and run at a lower speed than the upper and smaller pair of stones; the partially ground grain falling from the upper to the lower stones, and passing from the latter in the form of flour, substantially as herein specified."

The defendant's devices and arrangement of parts are not identical with those specifically designated in this claim. Instead of using "stones," revolving in a horizontal plane, he uses rollers, revolving in a vertical plane; but stones and rollers, with this variance in the manner of their revolution, were well-known equivalents in grinding mills, before the application for this patent was made.

It has been urged, however, that the complainant is precluded from asserting this equivalence, because, as is alleged, he had, in aid of his application, denied its existence, and had, in effect, disclaimed rollers. This contention is based upon a communication addressed by the plaintiff's solicitor to the commissioner of patents, in which, by way of argument, the result claimed to be attainable by the applicant's invention was distinguished from that produced by crushing rolls. The contrast which was really intended to be made was not between rollers and stones, but between making flour "practically direct from wheat," and "the crushing of wheat," which it was admitted had been done by rollers. It seems probable that the applicant did not then perceive that rollers might be substituted for burrstones under his method, but ignorance on the part of an inventor of the adaptability of a known equivalent to the practice of his invention does not bar his right to protection against its invasion by the use of such equivalent; and nothing has been shown which should estop the plaintiff from maintaining that right in this case.

The defendant also uses, in connection with his rollers, a series of "scalpers," or sifting machines; but these are additional to the rollers, and have a distinct purpose. Their employment does not vary the mode of operation of the rollers, nor the result which

they accomplish. There are other differences in details between the plaintiff's and the defendant's mechanism, and in its arrangement, but it is not necessary to refer to them. The defendant's expert (Hollingsworth) has testified that, irrespective of scalpers, and assuming that rollers are the equivalents of millstones, the two processes are, in his opinion, exactly the same; and my investigation of the exhibits and of the other evidence satisfies me that this opinion is correct. Hence, as the use of scalpers is immaterial, and as rollers and stones are, in fact, equivalents, it follows that infringement has been shown, and the only remaining question is as to the validity of the patent.

To overcome the presumption of its validity, the defendant has adduced some oral testimony, and has also proved several printed publications, as well as a number of patents, both foreign and of the United States, which he claims establish lack both of invention and of novelty. But, upon careful examination of all the evidence, I have reached the conclusion that neither of these defenses is sustained. If, as the defendant has contended, the complainant supposed himself to be the inventor of "gradual reduction," broadly, and by whatever apparatus or method accomplished, I quite agree in thinking that he was mistaken. But his claim alone is to be considered, and that has no such scope. It is for a particular combination process, embodying a described organized mechanism, operating in a designated manner. It is for a combination of two pairs of stones, (or their equivalents,) the upper pair being of the smaller diameter, and set to grind coarse, and the lower pair being of the larger diameter, and set to grind fine; and so operated that the lower pair shall run at a lower speed than the upper pair, and that the partially ground grain, falling from the upper to the lower, shall pass from the latter in the form of flour. In the defendant's apparatus every element of this claim is present; the same end is achieved by substantially the same means. On the other hand, while it appears that the want which the complainant's invention was intended to supply had been already recognized by those engaged in milling, and that various attempts had been made to meet it, yet the means to that end, which this patentee devised and claimed, had not been previously in use in this country, nor patented or described in any publication either in this or in any foreign country. The conception of these means clearly involved invention, and they were both new and useful. I do not overlook the fact that in some of the uses, publications, and patents set up some one or more of the elements of the plaintiff's invention are present; but in no one of them can all of its essential features be found. It does not appear from the evidence that any of them "embodied substantially the same organized mechanism, operating substantially in the same manner, as that described in the patent claimed to have been anticipated."

The plaintiff is entitled to a decree in the usual form, which may be prepared and submitted.